**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————
                                    :
FAHIM MUHAMMED,                     :
                                    :
                    Petitioner,     :
                                    :        Crim. A. No.  90-0304 (SRC)
v.                                  :
                                    :        **OPINION & ORDER**
UNITED STATES OF AMERICA,           :
                                    :
                    Respondent.     :
—————————————————————:

**Chesler, U.S.D.J.**

      This matter comes before the Court on the motion for a reduction in sentence pursuant to

Title 18 of the United States Code, Section 3582(c)(2) filed by *pro se* Petitioner Fahim

Muhammed.  [Docket item 13].  The Court has considered the papers filed in support of and in

opposition to the motion, and for the reasons discussed below, the Court denies Petitioner's

motion for reduction in sentence.

**I. Background**

      On April 23, 1991, a jury found petitioner guilty of conspiracy to distribute heroin.  The

United States Probation Office ("Probation") prepared a presentence report.  Probation assigned

Petitioner two points under U.S.S.G. § 4A1.1(d), because Petitioner committed the offense while

under parole supervision, and one point under U.S.S.G. § 4A1.1(e), because Petitioner

committed the offense within two years of being released from prison.  PSIR at 20, ¶ ¶ 84-85.

Probation also assigned Petitioner three points under U.S.S.G. § 4A1.1(a) for four prior armed

bak robberies, resulting in a total criminal history score of six, placing Petitioner in criminal history category III. PSIR at 17-20.

In determining Petitioner's criminal history score, Probation relied the version of the Sentencing Guidelines in effect at the time the offenses were committed, which was prior to the adoption of Amendment 382. *See* PSIR at 20, ¶ ¶ 83-87. The United States Sentencing Commission adopted Amendment 382 on November 1, 1991, adding subsection (f) to Section 4A1.1. *See* U.S.S.G. App'x C, Amend. 382. This new subsection would have increased Petitioner's criminal history score by requiring the sentencing court to add one additional point for each prior sentence that did not receive any points under Section 4A1.1(a),(b), or (c). *Id.* Under the pre-Amendment 382 guidelines, Petitioner's four prior armed bank robberies were considered "related offenses" because they had been consolidated for sentencing and therefore counted as a single sentence under 4A1.1(a). Under the amended guidelines, Petitioner would have received three additional points for these offenses, which would have resulted in a criminal history score of nine, placing Petitioner in criminal history category IV.

Although the Sentencing Commission adopted Amendment 382 before Petitioner was sentenced, application of the stricter standard under the amendment would have been in violation of the *ex post facto* clause of the United States Constitution because the amendment was not in place at the time Petitioner committed the offense and application would have subjected him to a longer sentence. *See* U.S. Const. art. I, § 9, cl. 3. However, Probation suggested in its report that Petitioner's criminal history score, as calculated under the pre-Amendment 382 guidelines did not adequately reflect the seriousness of Petitioner's criminal history and recommended an upward departure. PSIR at 24, ¶ ¶ 118-123.

On February 14, 2992, Petitioner appeared for sentencing. At the hearing, the sentencing judge acknowledged that application the amended guidelines would violate the *ex post facto* clause of the United States Constitution. Tr. dated February 14, 1992 ("Sent. Tr.") at 106:5-12. Therefore, in compliance with U.S.S.G. § 1B1.11(b)(1), the Court applied the version of the guidelines in effect on the date Petitioner committed the offense.

However, the sentencing judge agreed with Probation, finding the criminal history category III "grossly underrepresent[ed]" Petitioner's criminal history, noting that Petitioner's past crimes were "of the worst kinds of crimes of violence" in which Petitioner had placed "innocent people . . . in fear of their lives[.]" Sent. Tr. at 107:22-108:4. The court explained that had the four bank robberies been counted individually when assessing Petitioner's criminal history, Petitioner's criminal history score would have placed him in criminal history category VI, with a guideline range of 235 to 293 months. *Id.* at 141:10-13. The sentencing judge found an upward departure to that range to be appropriate. *Id.* at 141:14-19. Therefore, departing upward pursuant to Section 4A1.3, the court sentenced Petitioner at a total offense level 33, criminal history category VI, with a guideline range of 235 to 293 months. *Id.* 114:25-115:10, 141:10-25. The court sentenced Petitioner to 264 months imprisonment. *Id.*

Petitioner appealed his sentence to the Third Circuit Court of Appeals, arguing that the sentencing judge improperly imposed the upward departure. On April 6, 1993, the Third Circuit denied Petitioner's appeal and affirmed his sentence. *U.S. v. Muhammed*, 993 F.2d 879 (3d Cir. 1993). Plaintiff also challenged his sentence collaterally pursuant to 28 U.S.C. § 2255, however, theses efforts were also denied. Pl. Br., Ex. 5, Tr. Hearing dated May 22, 1999 ("2255 Tr."). *See also*, *U.S. v. Muhammed*, 159 F.3d 1352 (3d Cir. 1998), cert. denied 525 U.S. 1186 (1999)

(affirming trial court's order denying Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel); *U.S. v. Muhammed*, 59 Fed. Appx. 480, cert. denied 540 U.S. 1023 (2003) (affirming denial of petition for Habeas Corpus).

In the 1999 proceeding before the Hon. John C. Lifland, Petitioner argued the court had erred in calculating his criminal history score by failing to apply the recently adopted Section 4A1.1(f), and that the court "did not have the authority to depart on the applicable criminal history category[.]" 2255 Tr. at 42:3-21. Judge Lifland held these points were barred because the Third Circuit had already addressed and rejected those arguments on direct appeal. *Id.* at 46:8-15.

In the motion presently before the Court, Petitioner argues that Amendment 709 to Section 4A1.1(f), which became effective November 1, 2007, should be applied retroactively and pursuant to which, his sentence should be reduced. Amendment 709 changes the manner in which multiple prior sentences for crimes of violence are counted in the computation of criminal history scores. U.S.S.G., Supp. to App'x C, amend. 709. Both before and after Amendment 709 took effect, prior sentences were to be counted as "separate" sentences where they were separated by an intervening arrest. *See Id.* Amendment 709 changes way prior sentences are counted where there is no intervening arrest. *Id.* Before Amendment 709, prior sentences were treated as "related" and counted as a single sentence so long as they: (1) "occurred on the same occasion"; (2) "were part of a single common scheme or plan"; or (3) "were consolidated for trial or sentencing." *Id.* Under Amendment 709, prior sentences that are not separated by an intervening arrest "are to be counted as separate sentences unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day." *Id.*

-4-

Amendment 709 "also provides for an upward departure . . . if counting multiple prior sentences as a single sentence [under this new method] would underrepresent the seriousness of the defendant's criminal history and the danger the defendant presents to the public." *Id.*

## II. Discussion

First, the government is correct that 18 U.S.C. § 3582(c)(2) excludes Petitioner form the class of persons for whom that statute provides a remedy. Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Reduction in Petitioner's sentence would be inconsistent with the relevant policy statement, which states that "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [n]one of the amendments listed in subsection (c) is applicable to the defendant[.]" U.S.S.G. § 1B1.10(a)(2). Neither Amendment 382 nor Amendment 709 are listed in subsection (c). U.S.S.G. § 1B1.10(c). Therefore, a reduction in Petitioner's sentence "is not authorized under 18 U.S.C. 3582(c)(2)." *See* U.S.S.G. § 1B1.10(a)(2) and (c).

To the extent Petitioner seeks to argue that the holding in *United States v. Booker*, 543 U..S. 220 (2005) modified the requirements set forth in 18 U.S.C. § 3582(c)(2), the Court notes that the Third Circuit does not agree:

> Some may argue that, because the Guidelines are no longer mandatory, defendants need not wait [for a modification to the guidelines by the Sentencing Commission] to apply for relief under § 3582(c)(2). That fundamentally misunderstands the limits of *Booker*. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based

on subsequent changes in the Guidelines.

*United States v. Wise*, 515 F.3d 207, 221 n. 11 (3d Cir. 2008) (quoting *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir.1995)).   The holding in *Wise* makes clear that 18 U.S.C. § 3582(c)(2) authorizes a court to reduce a sentence only when the Sentencing Commission has lowered the applicable guideline range and included the amendment in the list set forth at U.S.S.G. § 1B1.10(c).  *Id.*  That is not the case here.

Petitioner's argument that the Court may apply Amendment 709 retroactively because the amendment is "clarifying" rather than "substantive" is also without merit.  Even if the Court finds Amendment 709 to indeed be clarifying rather than substantive, retroactive application of clarifying amendments is appropriate only where a defendant's case is on direct appeal or the defendant is pursuing habeas relief under 28 U.S.C. § 2255. *U.S. v. Armstrong*, 347 F.3d 905, 908-909 (11th Cir. 2003).  *See also U.S. v. Gill*, 68 Fed.Appx. 354, 355-56, n. 2 (3d Cir. 2003); *U.S. v. Ruddock*, 82 Fed.Appx. 752, 758 n.17 (3d Cir. 2003) (quoting *United States v. Cepero*, 224 F.3d 256, 268 (3d Cir. 2000) (noting the Third Circuit has held that "misapplication of the Sentencing Guidelines 'does not present a constitutional issue' and therefore, are 'generally not cognizable in a collateral attack'").  Again, that is not the case here.

In this case, Petitioner seeks modification of his sentence pursuant to Section 3582(c)(2), which only provides relief where the relevant sentencing range has "been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . [and] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).   "'The language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement[, U.S.S.G. § 1B1.10(c),] provides that an

amendment not listed in subsection (c) *may not be applied retroactively* pursuant to 18 U.S.C. § 3582(c)(2).'" *Wise*, 515 F.3d at 221, n.1 (quoting *Thompson*, 70 F.3d at 281)(emphasis added). Because Amendment 709 is not listed in subsection (c) of the relevant policy statement, the Court cannot consider the effect of this amendment in a motion for relief filed pursuant to 18 U.S.C. § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(a)(2) and (c).  Whether the amendment is clarifying or substantive is simply not relevant to a motion for relief pursuant to18 U.S.C. § 3582(c)(2). *Thompson*, 70 F.3d at 281;  *Armstrong*, 347 F.3d at 908-909.

Moreover, as the government points out, application of Amendment 382 would have violated the *ex post facto* clause of the United States Constitution, and because application of Amendment 709 also increases Petitioner's criminal history score, and thus the punishment for his crime, application of Amendment 709 would also violate the *ex post facto* clause of the Constitution.  Therefore, retroactive application of either amendment would be inappropriate.

In short, because the Sentencing Commission has not lowered the guideline range relevant to the crimes for which Petitioner was convicted, and there are no such amendments included in the list provided at U.S.S.G. § 1B1.10(c), 18 U.S.C. § 3582(c)(2) provides the Court no authority to reduce Petitioner's sentence.  Therefore,

**IT IS** on this 9th day of May 2008,

**ORDERED** that Petitioner's motion for a reduction in sentence is denied.  [Docket item 13].

     s/ Stanley R. Chesler
STANLEY R. CHESLER,
UNITED STATES DISTRICT JUDGE